UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
(LAFAYETTE DIVISION)

| | |
|---|---|
| **ROBBIE BRUCE** : | |
| : | CASE NO. 6:25-CV-00520 |
| **versus** : | |
| : | JUDGE DAVID C. JOSEPH |
| **HOSPITAL SERVICE DISTRICT** : | |
| **NUMBER 1 OF IBERIA PARISH D/B/A** : | MAGISTRATE JUDGE DAVID J. AYO |
| **IBERIA MEDICAL CENTER** : | |

**MOTION TO DISMISS THE COMPLANT PER RULE 12(b)(6)**

NOW INTO COURT, through undersigned counsel, comes Hospital Service District Number 1 of Iberia Parish d/b/a Iberia Medical Center ("IMC"), the Defendant in the above-entitled and numbered cause who hereby moves this Honorable Court to dismiss the Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

1.

The Complaint must contain specific factual allegations to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678– 79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A Complaint that merely sets forth labels and conclusions in a formulaic recitation of the elements of a cause of action, or which contains only naked assertions of liability without supporting factual content, fails to state a plausible claim for relief and is subject to dismissal. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678 (stating that a complaint will not suffice if it tenders "naked assertions devoid of further factual enhancement"). Conclusory allegations are not well-pleaded and are not assumed to be true for purposes of analyzing a 12(b)(6) motion. *Iqbal*, 556 U.S. at 681.

2.

Rule 12(b)(6) permits a defendant to seek dismissal of a claim based on "failure to state a claim upon which relief can be granted." As shown in the accompanying Memorandum, the Complaint is deficient and conclusory.

3.

As shown in the accompanying Memorandum, each of the Plaintiff's claims are procedurally and legally deficient:

1) The Louisiana Employment Discrimination Law (LEDL) claim must be dismissed because his Petition does not allege that he gave IMC 30-days' advance written notice prior to filing his lawsuit, as mandated by La. R.S 23:303(C).

2) The Age Discrimination in Employment Act (ADEA), 29 USC § 623, claim must be dismissed because his Petition does not allege that he exhausted his administrative remedies before filing his lawsuit.

3) The 42 USC Section 1983 claim must be dismissed because his Petition does not allege a constitution violation due to an official policy or custom of IMC. Furthermore, his Section 1983 claim is preempted by the ADEA and Title VII.

WHEREFORE, Defendant prays its Motion to Dismiss be granted and further prays any amendments be denied as futile.

    Respectfully submitted,

    KAUFMAN DOLOWICH, LLP

    By: */s/ Mark C. Carver*
    Mark C. Carver
    (Louisiana #22297)
    3900 North Causeway Blvd., Suite 670
    Metairie, LA  70002
    Phone: (504) 342-4304
    mark.carver@KaufmanDolowich.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of April 2025, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system and was emailed to Plaintiff's counsel Robin A. Sylvester at robin@sylvesterfirm.com.

/s/ *Mark C. Carver*
Mark C. Carver