UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
(LAFAYETTE DIVISION)

| | |
|---|---|
| **ROBBIE BRUCE** : | |
| : | **CASE NO. 6:25-CV-00520** |
| **versus** : | |
| : | **JUDGE DAVID C. JOSEPH** |
| **HOSPITAL SERVICE DISTRICT** : | |
| **NUMBER 1 OF IBERIA PARISH D/B/A** : | **MAGISTRATE JUDGE DAVID J. AYO** |
| **IBERIA MEDICAL CENTER** : | |

**MEMORANDUM IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS PER RULE 12(b)(6)**

Respectfully submitted,

KAUFMAN DOLOWICH, LLP

By: */s/ Mark C. Carver*
Mark C. Carver (Louisiana #22297)
3900 North Causeway Blvd., Suite 670
Metairie, LA  70002
Phone: (504) 342-4304
mark.carver@KaufmanDolowich.com

Attorney for Defendant,
Hospital Service District Number 1 of Iberia Parish
d/b/a Iberia Medical Center

## TABLE OF CONTENTS

I. BACKGROUND OF THE CASE ..................................................................................1

II. SUMMARY OF THE ARGUMENT..........................................................................2

III. LOUISIANA EMPLOYMENT DISCRIMINATION LAW CLAIMS........................................2

    1.    The LEDL claims must be dismissed for noncompliance with La. R.S. 23:303(C)..................................................................................................2

    2.    The Petition fails to allege compliance with La. R.S. 23:303(C).....................3

    3.    An amendment asserting compliance would be futile, as the required 30-days' advance notice was never given. .......................................................4

    4.    The Plaintiff's LEDL claims are now prescribed, thereby further making an amendment futile. ...........................................................................4

    5.    Plaintiff cannot retroactively save the LEDL claims. ......................................5

IV. ADEA (AGE DISCRIMINATION)..........................................................................7

    1.    The ADEA claim must be dismissed for failing to exhaust administrative remedies..................................................................................7

V. 42 USC § 1983.........................................................................................................8

    1.    The 42 USC § 1983 claim must be dismissed due to its conclusory allegations.............................................................................................8

    2.    An amendment would be futile for various reasons.........................................9

    3.    An amendment would be futile since the 1983 Claim is preempted by more specific laws. .......................................................................................9

    4.    An amendment would be futile since At-Will Employees have no protected interest. .........................................................................................11

VI. CONCLUSION ..........................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
  129 S.Ct. 1937, 1950 (2009) .................................................................................................. 8

*Cannon v. Smith*,
  No. CIV.A. 09-02164, 2010 WL 3522103, at 3 (W.D. La. Aug. 10, 2010), *report and recommendation adopted*, No. CIV.A. 09-02164, 2010 WL 3522098 (W.D. La. Sept. 2, 2010)
  ................................................................................................................................................ 8

*Cargo v. Kansas City S.*,
  No. CIV.A. 05-2010, 2009 WL 1808458, at 1 (W.D. La. June 22, 2009) ................................ 7

*Carson v. Perry*,
  91 F.3d 138 (5th Cir. 1996) ..................................................................................................... 4

*Cichirillo v. Avondale Indus., Inc.*,
  2004-2894 (La. 11/29/05), 917 So. 2d 424, 431 ..................................................................... 6

*Dutrey v. Plaquemine Manor Nursing Home*,
  2012-1295 (La. App. 1 Cir. 6/17/13), 205 So. 3d 934, 943 ..................................................... 6

*Fetty v. City of Baton Rouge*,
  534 F. Supp. 3d 616, 624–25 (M.D. La. 2021) ....................................................................... 9

*Griffith v. Louisiana*,
  808 F.Supp. 2d 926 (E.D. La. 2011) ..................................................................................... 12

*Jackson v. City of Atlanta*,
  73 F.3d 60 (5th Cir. 1996), *cert. denied*, 842 519 U.S. 818, 117 S.Ct. 70, 136 L.Ed.2d 30 (1996). ..................................................................................................................................... 10

*Jackson v. St. Charles Parish Hous. Auth. Bd. of Comm'rs*,
  441 F.Supp.3d 341, 356 (E.D. La. 2020) ............................................................................... 10

*Johnson v. Acosta*,
   No. CIV.A. 10-1756, 2010 WL 4025883, at 5 (E.D. La. Oct. 12, 2010) ................................... 2

*Johnston v. Harris Cnty. Flood Control Dist.*,
   869 F.2d 1565, 1574 (5th Cir. 1989) ....................................................................................... 11

*Lafleur v. Tex. Dept. of Health*,
   126 F.3d 758, 759 (5th Cir.1997) ......................................................................................... 9, 10

*Marucci Sports, L.L.C. v. NCAA*,
   751 F.3d 368, 378 (5th Cir. 2014) ..................................................................................... 4, 7, 9

*Mederos v. St. Tammany Par. Gov't*,
   2015-1602 (La. App. 1 Cir. 7/11/16), 199 So.3d 30 ................................................................ 12

*Miguel v. GEICO Gen. Ins. Co.*,
   2016-0596 (La. App. 4 Cir. 12/21/16), 207 So.3d 507 ........................................................... 3, 4

*Monroe Firefighters Ass'n v. City of Monroe*,
   No. 06-cv-1092, 2009 WL 916272, at *3–4 (W.D. La. Mar. 31, 2009) ..................................... 4

*Ogunbor v. Johanns*,
   No. CV 05-1474, 2006 WL 8456320, at 2 (E.D. La. Feb. 3, 2006), *report and recommendation adopted*, No. CV 05-1474, 2006 WL 8456318 (E.D. La. Mar. 9, 2006) .................................. 10

*Pechon v. La. Dept. of Health and Hosps.*,
   368 F.App'x 606, 611 (5th Cir. 2010) ..................................................................................... 10

*Perez v. City of New Orleans*,
   173 F. Supp. 3d 337, 349 (E.D. La. 2016) ................................................................................ 9

*Plustache v. Harrison*,
   2023 WL 3197043, at 2 (5th Cir. May 2, 2023) ...................................................................... 11

*Rodriguez v. Escalon*,
   90 F.App'x 776 (5th Cir. 2004) ............................................................................................... 12

*Simpson-Williams v. Andignac*,
   2004-1539 (La. App. 4 Cir. 4/20/05), 902 So.2d 385 ............................................................... 3


*Spears v. DSM Copolymer, Inc.*,
   103 F.3d 124 (5th Cir.1996) ............................................................................................... 7

*Story v. Our Lady of Lake Physician Grp.*,
   No. CV 17-651-JWD-RLB, 2018 WL 1902687, at 7 (M.D. La. Apr. 20, 2018), *aff'd sub nom*.,
   779 F.App'x 266 (5th Cir. 2019) ...................................................................................... 10

*Stubberfield v. Hercules Offshore*,
   Civ. No. 15-2339, 2016 WL 2855480 (E.D. La. May 16, 2016) ........................................... 3, 4

*Tabor v. Madison Par. Hosp. Serv. Dist.*,
   No. CV 14-2374, 2015 WL 10012992, at 5 (W.D. La. Nov. 19, 2015), *report and recommendation adopted*, No. CV 14-2374, 2016 WL 483115 (W.D. La. Feb. 5, 2016) ......... 9

*Thompson v. Bass*,
   616 F.2d 1259, 1265 (5th Cir. 1980) ................................................................................. 12

*Tooke v. White*,
   No. CV 23-428, 2023 WL 6205925, at 5 (E.D. La. Sept. 22, 2023) ........................................ 11

*Topolewski v. Jury*,
   No. 3:23-CV-00258, 2025 WL 392506, at 10 (W.D. La. Feb. 4, 2025) .................................. 11

**Federal Statutes**

29 U.S.C. § 626(d) (ADEA) ................................................................................................ 7, 8, 12

29 USC § 623 (ADEA) ............................................................................................................... 2

42 USC § 1983 ................................................................................................................. 2, 8 - 13

Federal Rule 12(b)(6) ............................................................................................................ 3, 7, 8,

Title VII of the Civil Rights Act .................................................................................... 2, 9, 10, 11, 13

**State Statutes**

La. R.S. 1:3 ................................................................................................................... 3

La. R.S. 23:303(C) ............................................................................................... 2 - 6, 12

La. R.S. 23:303(D) ....................................................................................................... 4

La. R.S. 23:303(E) ........................................................................................................ 5

La. R.S. 23:312 ............................................................................................................. 2

MAY IT PLEASE THE COURT:

Hospital Service District Number 1 of Iberia Parish d/b/a Iberia Medical Center ("IMC"), Defendant in the above-entitled and numbered cause, hereby moves this Honorable Court to dismiss the Plaintiff's Complaint which is procedurally and legally deficient.

### I.

#### BACKGROUND OF THE CASE

Plaintiff erroneously claims that IMC terminated his employment based on age and gender discrimination. In reality, IMC terminated him for practicing pharmacy without a license and for not informing IMC that his pharmacist's license lapsed.

Robbie Bruce, formerly employed as a pharmacist at IMC, had a history of misconduct and was suspended multiple times. On December 31, 2023, his pharmacist license lapsed, yet he continued working for two months without a valid license—unbeknownst to IMC. Upon discovering this violation, IMC suspended Bruce from March 19 to March 25, 2024, citing his unauthorized practice, his failure to disclose the lapse, his prior behavioral violations, and his previous suspensions.

During his suspension, IMC gave Bruce the opportunity to provide documentation showing he had attempted to renew his license before it lapsed. However, he failed to submit any proof or follow up with HR. Given his detrimental and unprofessional conduct and repeated behavioral violations, IMC terminated Bruce's employment on April 3, 2024.

## II.

### SUMMARY OF THE ARGUMENT

Plaintiff's lawsuit asserts three claims:

- Louisiana Employment Discrimination Law (LEDL), La. R.S. 23:312 (age) and 23:332 (gender);

- Age Discrimination in Employment Act (ADEA), 29 USC § 623; and

- 42 USC § 1983 (Section 1983).

These claims are procedurally and legally deficient:

1. The LEDL claim must be dismissed because his Petition does not allege that he gave IMC 30-days' advance written notice prior to filing his lawsuit, as mandated by La. R.S 23:303(C). In fact, he never gave 30-days' advance written notice.

2. The ADEA claim must be dismissed because his Petition does not allege that he exhausted his administrative remedies before filing his lawsuit. In fact, Plaintiff never filed a Charge of Discrimination with the EEOC or Louisiana Commission on Human Rights.

3. The Section 1983 claim must be dismissed because his Petition does not allege a constitution violation due to an official policy or custom of IMC. In fact, there was no constitution violation due to an official policy or custom of IMC, and his Section 1983 claim is preempted by the ADEA and Title VII.

## III.

### LOUISIANA EMPLOYMENT DISCRIMINATION LAW CLAIMS

**1. The LEDL claims must be dismissed for noncompliance with La. R.S. 23:303(C).**

If a plaintiff fails to comply with the pre-litigation notice required by La. R.S. 23:303(C), the state law discrimination claims "must be dismissed." *Johnson v. Acosta*, No. CIV.A. 10-1756, 2010 WL 4025883, at 5 (E.D. La. Oct. 12, 2010). The Petition does not include any allegations that he complied with the mandatory 30-days' pre-litigation notice mandated by La. R.S.

23:303(C), and thus, his Petition fails to state a claim upon which relief can be granted. Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal where a plaintiff fails "to state a claim upon which relief can be granted."

### 2. The Petition fails to allege compliance with La. R.S. 23:303(C).

Louisiana Revised Statute 23:303(C) states: "A plaintiff who believes he or she has been discriminated against, and who intends to pursue court action <u>shall</u> give the person who has allegedly discriminated written notice of this fact <u>at least thirty days</u> before initiating court action…" (Emphasis added). The language of the statute is clear and mandatory. The word "shall" in a statute "is mandatory." La. R.S. 1:3. The Plaintiff's LEDL claims must be dismissed because he failed to allege compliance with the mandatory 30-days' pre-suit notice requirement of La. R.S. 23:303(C). A plaintiff's failure to comply with the 30-days' notice provision of La. R.S. 23:303(C) mandates dismissal of the LEDL claims. *Simpson-Williams v. Andignac*, 2004-1539 (La. App. 4 Cir. 4/20/05), 902 So.2d 385.

The jurisprudence confirms that failure to strictly comply with the pre-suit notice requirement is fatal to an LEDL claim. In *Miguel v. GEICO Gen. Ins. Co.*, 2016-0596 (La. App. 4 Cir. 12/21/16), 207 So.3d 507, the court dismissed the plaintiff's lawsuit because he filed suit only 28 days after sending his pre-suit notice, failing to provide the full 30 days. The court held that plaintiff's failure to comply with the 30-day notice of La. R.S. 23:303(C) was fatal to his case.

Similarly, in *Stubberfield v. Hercules Offshore*, Civ. No. 15-2339, 2016 WL 2855480 (E.D. La. May 16, 2016), the court dismissed a plaintiff's lawsuit where the pre-suit notice was sent within the final thirty days of the prescriptive period. In particular, in *Stubberfield*, the plaintiff sent his LEDL pre-suit notice within the final thirty days of the one-year prescriptive period and

filed his lawsuit on the same date but waited to initiate service of the complaint for more than thirty days. The court dismissed his suit for failing to provide the 30-days' notice.

### 3. An amendment asserting compliance would be futile, as the required 30-day advance notice was never given.

An amendment should not be allowed because it would be futile.[1] *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014). The Petition was filed on April 3, 2025 (ECF No. 1-2, p. 1), but Plaintiff did not make any attempt to comply with La. R.S. 23:303(C) until March 18, 2025—only 15 days before filing his Petition. See Declaration of Angie Lemoine (IMC HR Director).[2] Plaintiff cannot establish that he provided IMC with 30-days' written notice prior to filing his lawsuit, and strict compliance is required. *Miguel v. GEICO Gen. Ins. Co.*, 2016-0596 (La. App. 4 Cir. 12/21/16), 207 So.3d 507; *Stubberfield v. Hercules Offshore*, Civ. No. 15-2339, 2016 WL 2855480 (E.D. La. May 16, 2016)

### 4. The Plaintiff's LEDL claims are now prescribed, thereby further making an amendment futile.

Plaintiff was terminated on April 3, 2024, and his LEDL claims prescribed one-year later on April 3, 2025. La. R.S. 23:303(D) ("a prescriptive period of one year.')   Plaintiff's Petition

---

[1] If the Court finds that all or part the original complaint fails to state a claim upon which relief can be granted, the attached declaration demonstrates that any amendments would be futile. To promote judicial efficiency, the Court should consider this extrinsic evidence solely for the purpose of assessing futility of any amendments, thereby preventing unnecessary proceedings and ensuring a just, expedient resolution of this matter.

[2] See *Carson v. Perry*, 91 F.3d 138 (5th Cir. 1996) ("We have held that an affidavit can adequately support a motion for summary judgment when the affiant's personal knowledge is based on a review of her employer's business records and the affiant's position with the employer renders her competent to testify on the particular issue which the affidavit concerns."); *Monroe Firefighters Ass'n v. City of Monroe*, No. 06-cv-1092, 2009 WL 916272, at *3–4 (W.D. La. Mar. 31, 2009) (holding a Fire Chief had personal knowledge to testify about payments to firefighters made before his employment with the department, due to his position as Fire Chief and because he had complete access to the records of the department).

neglects to mention he was terminated on April 3, 2024. Declaration of Angie Lemoine (IMC HR Director).

His counsel's March 18, 2025 correspondence to IMC did not suspend or interrupt the running of the one-year prescriptive period. Providing the pre-suit written notice as required by La. R.S. 23:303(C) has no effect on prescription. La. Civil Code article 3467 provides that "[p]rescription runs against all persons unless exception is established by legislation." There is no statute stating that giving the 30-days' written notice pursuant to La. R.S. 23:303(C) interrupts or suspends the one-year prescriptive period for filing LEDL claims.

In fact, La. R.S. 23:303(E) specifically states: "…there shall be no interruption of prescription resulting from a plaintiff's giving or failing to give the notice required in Subsection C of this Section." These provisions demonstrate the legislature's explicit intent that the clock continued to tick whether or not the Plaintiff complied with the 30-day notice requirement.

**5. Plaintiff cannot retroactively save the LEDL claims.**

Plaintiff cannot retroactively validate a claim that was fundamentally premature due to a failure to meet a condition precedent. The LEDL does not permit relating back claims that were dismissed due to noncompliance with 30-days' notice requirement of La. R.S. 23:303(C). "There shall be no interruption of prescription resulting from a plaintiff's giving or failing to give the notice required in Subsection C." La. R.S. 23:303(E). The clock keeps ticking, and accordingly, 303(E) does not allow an amended LEDL claim to relate back to the original April 3, 2025 filing date. Section 303(E) ensures that the prescriptive period continues to run regardless of whether the plaintiff complies with the pre-suit notice requirement. Therefore, LEDL does not provide a mechanism to *retroactively* cure a failure to provide timely notice by relating an amended pleading

back to the original filing date. The law governing the applicable statute of limitations for LEDL claims does not allow relation back. Simply stated, if an amended LEDL petition related back to the original filing date of April 3, 2025, then the Defendant did not have the 30-days' required advance notice as of April 3, 2025.

Additionally, the April 3, 2025 lawsuit did not interrupt prescription of his LEDL claim. An LEDL suit filed without giving the 30-days' advance notice is premature, and a premature suit does not interrupt prescription. *Cichirillo v. Avondale Indus., Inc.*, 2004-2894 (La. 11/29/05), 917 So. 2d 424, 431. "[A] fact that comes into existence after the premature suit was filed, which if proven would provide a plaintiff with the right to enforce an obligation, cannot serve to cure a suit that was filed before that right accrued. …[P]rematurity is determined based on the facts existing at the time the premature suit." *Dutrey v. Plaquemine Manor Nursing Home*, 2012-1295 (La. App. 1 Cir. 6/17/13), 205 So. 3d 934, 943.

In sum, Plaintiff cannot cure an improperly filed LEDL claim that has prescribed. Thus, Plaintiff cannot be allowed to circumvent the notice requirements of La. R.S. 23:303(C), and the Court should not disregard the intent of the Louisiana Legislature. To assert a timely and actionable LEDL claim, Plaintiff had to (1) give 30-days' advance written notice before filing his lawsuit, and (2) file his lawsuit within one year of his termination. He failed to do so, and his LEDL should be dismissed as any amendment would be futile.

## IV.

## ADEA (AGE DISCRIMINATION)

**1. The ADEA claim must be dismissed for failing to exhaust administrative remedies.**

Although receiving a Right to Sue Letter is not a jurisdictional prerequisite to filing an ADEA claim, a plaintiff must nonetheless exhaust his administrative remedies prior to filing a complaint. Thus, age discrimination plaintiffs must exhaust their administrative remedies before they may pursue claims in federal court. 29 U.S.C. § 626(d).

In order to exhaust his administrative remedies, a plaintiff must first file a timely charge with the EEOC. *Id.* If a plaintiff files a complaint alleging age discrimination but fails to first file an administrative charge alleging age discrimination, the age discrimination claims "must be dismissed." *Spears v. DSM Copolymer, Inc.*, 103 F.3d 124 (5th Cir.1996); *Cargo v. Kansas City S.*, No. CIV.A. 05-2010, 2009 WL 1808458, at 1 (W.D. La. June 22, 2009).

The Petition does not include any allegations that he exhausted his administrative remedies as required by 29 U.S.C. § 626(d), and thus, his Petition fails to state a claim upon which relief can be granted. (ECF No. 1-2, ¶ 27). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal where a plaintiff fails "to state a claim upon which relief can be granted."

Furthermore, an amendment should not be allowed because it would be futile. *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014). To best of Defendant's knowledge and belief, Plaintiff never filed a Charge of Discrimination because IMC has never received notice of any Charge pertaining to Robbie Bruce. See Declaration of Angie Lemoine (IMC HR Director). Furthermore, Plaintiff cannot presently file a Charge since the 300-day deadline to file a Charge

has expired, as he was terminated over a year ago on April 3, 2024. 29 U.S.C. § 626(d); Declaration of Angie Lemoine (IMC HR Director).

# V.

# **42 USC § 1983**

**1. The 42 USC § 1983 claim must be dismissed due to its conclusory allegations.**

The Petition does not include any allegations regarding the alleged constitutional violation or the alleged policy that resulted in the constitutional violation, and thus, his Petition fails to state a claim upon which relief can be granted. (ECF No. 1-2, ¶¶ 28 and 29). "[M]ere conclusory assertions of constitutional violations do not survive a motion to dismiss under *Iqbal,* which specifically counsels that a plaintiff must plead factual allegations in order to state a viable claim." *Cannon v. Smith*, No. CIV.A. 09-02164, 2010 WL 3522103, at 3 (W.D. La. Aug. 10, 2010), *report and recommendation adopted*, No. CIV.A. 09-02164, 2010 WL 3522098 (W.D. La. Sept. 2, 2010) *citing Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal where a plaintiff fails "to state a claim upon which relief can be granted."

To establish municipal liability under § 1983, a plaintiff must show the deprivation of a federally protected right caused by action taken "pursuant to an official municipal policy." That is, a plaintiff ordinarily must identify:

(1) an official policy (or custom), of which
(2) a policymaker can be charged with actual or constructive knowledge, and
(3) a constitutional violation whose 'moving force' is that policy or custom.

*Tabor v. Madison Par. Hosp. Serv. Dist.*, No. CV 14-2374, 2015 WL 10012992, at 5 (W.D. La. Nov. 19, 2015), *report and recommendation adopted*, No. CV 14-2374, 2016 WL 483115 (W.D. La. Feb. 5, 2016); *Fetty v. City of Baton Rouge*, 534 F. Supp. 3d 616, 624–25 (M.D. La. 2021). Plaintiff's Petition has not alleged nor established such an official policy and constitutional violation. The lawsuit is deficient, as it provides no allegations that attempt to establish the elements of a Section 1983 claim. (ECF No. 1-2, ¶¶ 28 and 29).

2. **An amendment would be futile for various reasons.**

An amendment should not be allowed because it would be futile. *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014). More specific statutory remedies provided by the ADEA and Title VII preempt his Section 1983 claims. Additionally, there was no constitutional violation. Plaintiff was an at-will employee, and IMC also provided him with written notice of his wrongdoing and an opportunity to respond and be heard. See Declaration of Angie Lemoine (IMC HR Director).

3. **An amendment would be futile since the 1983 Claim is preempted by more specific laws.**

The ADEA and Title VII preempt Plaintiff's Section 1983 based on discrimination, unequal treatment, disparate treatment. Thus, the Section 1983 claim should be dismissed because Congress has enacted statutes that cover a specific substantive area providing specific remedies, and thus, a cause of action under Section 1983 is preempted and foreclosed. *Lafleur v. Tex. Dept. of Health*, 126 F.3d 758, 759 (5th Cir.1997) (finding that the Age Discrimination in Employment Act preempted a Section 1983 claim); *Perez v. City of New Orleans*, 173 F. Supp. 3d 337, 349 (E.D. La. 2016).

The courts have consistently held, however, that Section 1983 is supplanted when a specific federal law provides remedial devices that demonstrate congressional intent to preclude the intent of a remedy under Section 1983. *Story v. Our Lady of Lake Physician Grp.*, No. CV 17-651-JWD-RLB, 2018 WL 1902687, at 7 (M.D. La. Apr. 20, 2018), *aff'd sub nom.*, 779 F.App'x 266 (5th Cir. 2019).

Because Congress enacted a specific statutory provision to confront age discrimination in the workplace via the ADEA, the ADEA is the sole remedy for persons who have been discriminated against based on their age. *Lafleur*, 126 F.3d at 760. As such, the rights secured by the ADEA may not be used as the basis for a Section 1983 suit. *Jackson v. St. Charles Parish Hous. Auth. Bd. of Comm'rs*, 441 F.Supp.3d 341, 356 (E.D. La. 2020). Section 1983 age discrimination claims are preempted by the ADEA. *Pechon v. La. Dept. of Health and Hosps.*, 368 F.App'x 606, 611 (5th Cir. 2010).

Likewise, since Title VII is a specific statutory law that confronts sex discrimination in the workplace, Title VII is also the exclusive remedy for persons who have been discriminated against based on their sex by their employer *Story v. Our Lady of Lake Physician Grp.*, No. CV 17-651-JWD-RLB, 2018 WL 1902687, at 7 (M.D. La. Apr. 20, 2018); *Ogunbor v. Johanns,* No. CV 05-1474, 2006 WL 8456320, at 2 (E.D. La. Feb. 3, 2006), *report and recommendation adopted*, No. CV 05-1474, 2006 WL 8456318 (E.D. La. Mar. 9, 2006)(dismissing the Section 1983 claims since Title VII provided its own framework).

Allegations of discriminatory treatment in connection with public employment that form the basis of a Title VII claim cannot form the basis of a separate claim under § 1983. *Jackson v. City of Atlanta*, 73 F.3d 60 (5th Cir. 1996), *cert. denied*, 842 519 U.S. 818, 117 S.Ct. 70, 136 L.Ed.2d 30 (1996). "Because Title VII provides an exclusive remedy for violations of its own

terms, the rights it secures cannot be enforced under § 1983." *Tooke v. White*, No. CV 23-428, 2023 WL 6205925, at 5 (E.D. La. Sept. 22, 2023) *citing Plustache v. Harrison*, 2023 WL 3197043, at 2 (5th Cir. May 2, 2023). Section 1983 "is not an available remedy for deprivation of a statutory right when the right itself"—in this case, the right to be free from discrimination in the workplace under Title VII—"provides an exclusive remedy for violations of its own terms." *Topolewski v. Jury*, No. 3:23-CV-00258, 2025 WL 392506, at 10 (W.D. La. Feb. 4, 2025) *quoting Johnston v. Harris Cnty. Flood Control Dist.*, 869 F.2d 1565, 1574 (5th Cir. 1989).

     Since Plaintiff failed to bring a Title VII claim for his allegations of discrimination and disparate treatment, he cannot be allowed to circumvent his failure by improperly bringing a Section 1983 claim for workplace discrimination when he should have sought relief under Title VII. Furthermore, the LEDL provides its own statutory framework for employment discrimination claims, and thus, Plaintiff should not be permitted to bring a Section 1983 claim based on the same factual allegations for his LEDL claims.

**4. An amendment would be futile since At-Will Employees have no protected interest.**

     For Section 1983 liability, a plaintiff must show the deprivation of a federally protected right. However, Plaintiff has not alleged such, and furthermore, it would be futile to allow him to amend his Petition since he cannot establish the deprivation of such a federally protected right. He was an at-will employee. Declaration of Angie Lemoine (IMC HR Director). "To demonstrate a property interest in his job under Louisiana law, plaintiff must show either 1) that [he] had a contract for a definite term, or 2) that [his] employer agreed to fire [him] only for cause." *Topolewski v. Jury*, No. 3:23-CV-00258, 2025 WL 392506, at 11 (W.D. La. Feb. 4, 2025).

The following cases demonstrate that an at-will parish or state employee has no constitutional, protected property interest in his employment.

- A plaintiff, as an at-will employee, has no claim for violation of a protected property interest in her employment under the Fourteenth Amendment. A state employee that may be discharged at will under state law has no property interest in his or her job. *Thompson v. Bass*, 616 F.2d 1259, 1265 (5th Cir. 1980).

- A parish employee was an at-will employee who did not have property interest in her continued employment with the parish and, thus, could not establish any violation by parish of her Fourteenth Amendment right to due process or violation of § 1983 in failing to provide her with all the reasons for her termination prior to her termination or in denying her a grievance hearing. *Mederos v. St. Tammany Par. Gov't,* 2015-1602 (La. App. 1 Cir. 7/11/16), 199 So.3d 30.

- A former employee of the sheriff's department was an at-will employee, and thus did not have a property interest in his job within the meaning of the Due Process Clause of the Fourteenth Amendment as required to support employee's § 1983 claim against former employer. *Rodriguez v. Escalon*, 90 F.App'x 776 (5th Cir. 2004).

- A parish juvenile court fiscal manager was an at-will employee under Louisiana law, and therefore, did not have any property interest in her employment required for her § 1983 claim alleging termination violated Fourteenth Amendment due process. *Griffith v. Louisiana*, 808 F.Supp. 2d 926 (E.D. La. 2011).

## VI.

### CONCLUSION

Defendant prays the Court dismiss the Plaintiff's legally deficient claims for the following reasons:

1) Plaintiff did not allege compliance with La. R.S 23:303(C), mandating that he provide 30-days' advance written notice prior to filing his lawsuit;

2) Plaintiff did not allege compliance with 29 U.S.C. § 626(d), mandating that he exhaust his administrative remedies by filing a Charge of Discrimination with the EEOC; and

3) Plaintiff did not allege any constitutional violation based on an official policy nor suffer any constitutional violation based on an official policy as required for a 42 USC § 1983 claim.

Furthermore, the Court should find that any amendments would be futile for the following reasons:

1) Plaintiff did not provide 30-days' advance written notice prior to filing his LEDL lawsuit;

2) Plaintiff did not file a Charge of Discrimination with the EEOC regarding his ADEA claim; and

3) The ADEA and Title VII preempt his 42 USC § 1983 claim, and he was an at-will employee.

Respectfully submitted,

KAUFMAN DOLOWICH, LLP

By: */s/ Mark C. Carver*
Mark C. Carver (Louisiana #22297)
3900 North Causeway Blvd., Suite 670
Metairie, LA  70002
Phone: (504) 342-4304
mark.carver@KaufmanDolowich.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April 2025, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system and was emailed to Plaintiff's counsel Robin A. Sylvester at robin@sylvesterfirm.com.

/s/ *Mark C. Carver*
Mark C. Carver